**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| THOMAS SNIDER, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> COLORADO CORING & CUTTING, INC., A COLORADO CORPORATION AND RICK GONZALEZ, INDIVIDUALLY <br><br> Defendants. | NO. 22-cv- <br><br> **Hon. Judge <br> U.S. District Court Judge, <br> Presiding** <br><br> Hon. Judge <br> Magistrate Judge <br><br> ***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **THOMAS SNIDER,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **COLORADO CORING & CUTTING, INC., A COLORADO CORPORATION AND RICK GONZALEZ** (the "Defendants"), states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq* ("COMPS").

## II. JURISDICTION AND VENUE

2.  Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Colorado statutory claim, pursuant to 28 U.S.C. §1367. Venue lies in the District of Colorado in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III. THE PARTIES

3.  Defendant, **COLORADO CORING & CUTTING, INC.** (hereinafter referred to individually as "CCC") is a Colorado corporation that owns and operates concrete construction business that performs a variety of construction services, including concrete construction, demolition, coring and cutting for residential and commercial clients in Colorado.[1]

4.  CCC lists its business address as 10836 Cedar Brook St. in Highlands Ranch, Colorado.

5.  Defendant CCC is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

---

[1] See https://www.coloradocoringandcutting.com/

6. During all relevant times, Defendant CCC was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Defendant **RICK GONZALEZ** (hereinafter referred to individually as "Gonzalez") is the owner, President, primary manager and decision maker of CCC.

8. In his capacity as owner, President and manager of CCC, Gonzalez was vested with the authority to implement and carry out the wage and hour practices of CCC.

9. Gonzalez acted as the manager of CCC and was responsible for assigning projects, creating and distributing schedules, project supervision, and oversaw all aspects of CCC's business operations and client interactions.

10. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Gonzalez and Gonzalez in turn responded to those communications with the authority described herein.

11. Thus, at all times relevant hereto Gonzalez was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

12. Plaintiff, **THOMAS SNIDER,** is a current construction employee of Defendants who performed a variety of concrete construction services for CCC's customers at their locations as assigned by Defendants.

13. Plaintiff consistently worked over 40 hours per week without compensation at a rate of one and one-half his regular rate of pay.

14. Plaintiff, and members of the Plaintiff Class, only received their regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week. Defendants are also presently withholding Plaintiff's paycheck for wages earned in May 2022. Defendants continue to illegally withhold Plaintiff's earned compensation.

15. Defendants compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis but failed to pay one-and one-half times the employees' regular hourly rates of pay.

16. Plaintiff, and members of the Plaintiff Class, only received their regular, straight time hourly rates of pay for all hours worked, including overtime-eligible hours in excess of 40 in a work week in violation of the state and federal laws relied upon herein.

17. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also paid only their regular, straight time hourly rates for all hours worked and did not receive overtime premiums at a rate of one-and one-half their regular hourly rates of pay for hours worked in excess of 40 in a workweek as described herein.

18. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

19. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Colorado Overtime and Minimum Pay Standards Order, #38

20. Pursuant to the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under COMPS are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

21. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants. Plaintiff's employment as a concrete construction worker was and is integral and indispensable to Defendants' concrete construction business.

22. Plaintiff began working for Defendants as a construction worker and laborer in approximately December 2021. Plaintiff remains employed by Defendants as a construction worker.

23. Plaintiff performed a variety of labor and construction duties for CCC for CCC's commercial and residential clients.

24. Plaintiff performed manual labor and construction duties related to pouring and setting concrete, coring and cutting of concrete and concrete demolition.

25. The specific tasks Plaintiff performed varied each day. Likewise, Plaintiff's job site varied frequently depending on the length of each project. Oftentimes, Plaintiff would be assigned projects at multiple job sites in the same week.

26. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Gonzalez. Gonzalez managed day-to-day activities for Plaintiff and all other hourly workers.

27. Gonzalez handed out daily assignments, instructions and was responsible for all day-to-day oversight of the duties of Plaintiffs and other class members.

28. Gonzalez was directly involved in all of CCC's business operations, including the minute details of the specific duties being performed by Plaintiff and other members of the Plaintiff Class at each job site each day.

29. Gonzalez directly supervised and managed Plaintiff and members of the Plaintiff Class on a daily basis.

30. Gonzalez, as the owner and manager of CCC was the sole decision maker with regard for all of CCC's wage and hour policies, including compensation and timekeeping policies. Gonzalez was responsible for implementation of the illegal policies carried out by Defendants as alleged herein.

31. Plaintiff is paid approximately $28 per hour.

32. Plaintiff is paid on a weekly basis via payroll check.

33. During the course of his employment, Plaintiff recorded his work hours through the QuickBooks mobile application ("app"), as instructed by Defendants. Plaintiff clocked in and out each day in accordance with Defendants' time keeping policies.

34. Over the course of his employment, Plaintiff has worked more than 40 hours in most, if not all, work weeks he has worked for Defendants.

35. During winter months, Plaintiff worked from at least approximately 7:00 a.m. to 6:00 or 7:00 p.m. In the spring, Plaintiff works from at least approximately 5:30 a.m. until 6:00 or 7:00 p.m.

36. Plaintiff typically works 45 to 60, or more, hours each week. The start and end times of Plaintiff's shifts varied at times, as he did not work the same exact schedule each week because project assignment varied frequently. Plaintiff frequently worked longer shifts if a certain project or job assignment required it.

37. Plaintiff, however, never received overtime premiums of one and one-half time his regular rate of pay for these hours worked in excess of 40 in individual work weeks. Instead, Plaintiff received only his regular, straight time rate of pay for all hours worked.

38. Plaintiff's paystubs reflect the overtime-eligible hours worked in excess of 40 in individual work weeks as recorded through the QuickBooks app, but all overtime-eligible hours were paid only at the straight time rate of pay.

39. Plaintiff's paystubs reflected that all hours were paid at "Regular Pay" of $28.00 per hour, even though Plaintiff worked hours in excess of 40 for which he was entitled to overtime pay.

40. Plaintiff inquired with CCC, including Gonzalez, regarding CCC's failure to pay overtime wages on numerous occasions during his employment. However, Gonzalez never provided Plaintiff with a reason as to why he and other hourly employees were not paid overtime premiums.

41. After one such discussion between Plaintiff and Gonzalez regarding non-payment of overtime wages, Gonzalez informed Plaintiff that his work hours on Fridays would be reduced and that his paycheck would be withheld until Plaintiff completed a drug test. CCC has no bona fide drug testing policy and prior to the Parties' discussions regarding unpaid overtime wages, had never subjected Plaintiff to a drug screening.

42. Defendants' actions described above were taken only after Plaintiff asserted rights under the FLSA and COMPS and served to intimidate Plaintiff.

43. During his entire employment with Defendants, Plaintiff, and members of the Plaintiff Class, were paid on a weekly basis. Plaintiff, and members of the Plaintiff Class, were only paid their regular, straight time rates of pay for all hours worked, including overtime-eligible hours in excess of 40 hours in a single work week.

44. Upon information and belief, Plaintiff understood that all hourly employees were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks.

45. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

46. Plaintiff and members of the Plaintiff Class were not exempt from the overtime provisions of the FLSA or COMPS and were and are entitled to overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual work weeks.

47. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

48. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-48. Paragraphs 1 through 48 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 48 of this Count I.

49. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

50. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-50.   Paragraphs 1 through 50 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 50 of Count II.

51.   Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

52.   Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

53.   Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-53. Paragraphs 1 through 53 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 53 of Count III.

54. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

55. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

56. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM VIOLATION OF THE COLORADO OVERTIME AND MINIMUM PAY STANDARDS ORDER, #38

1-56. Paragraphs 1 through 56 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 56 of this Count IV.

57. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Colorado Minimum and Pay Standards Order #38, 7 CCR 1103-1 *et seq*.

58. Plaintiff, and members of the Plaintiff Class, were each an "employee" under COMPS 7 CCR 1103-1.5(A) and were not exempt from the overtime wage provisions of COMPS 7 CCR 1103-4.1.

59. Defendants were each an "employer" as defined by COMPS 7 CCR 1103-1.6(A).

60. Under COMPS 7 CCR 1103-4.1, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

61. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of COMPS 7 CCR 1103-4.1.

62. COMPS 7 CCR 1103-8.1(A) provides that an employer who fails to pay the required amount of overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid balance of the full amount of overtime wages due and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Colorado Overtime and Minimum Payment Standards Order, #38; and

(d)     such additional relief the Court deems appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 05/24/2022***

/s/ Samuel D. Engelson
Samuel D. Engelson
Colorado Bar No: 57295
John William Billhorn

Attorneys for Plaintiff, and those
similarly situated, known and unknown

BILLHORN LAW FIRM
7900 E. Union Ave., Suite 1100
Denver, Colorado 80237
(720)-386-9006