IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:22-cv-01289-RMR-SKC

THOMAS SNIDER,
on behalf of himself, and all other plaintiffs similarly situated, known and unknown,

    Plaintiff,

v.

RICK GONZALEZ,
individually,

and

REAL CONCRETE AND CORING, INC.,
d/b/a Colorado Coring & Cutting Inc.,

    Defendants.

---

## ORDER

---

    Pending before the Court are Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 11; Plaintiff's Amended Motion to Enter and Continue Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 20; Plaintiff's Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff

Class, ECF No. 45; and Defendant's Stipulation Regarding Pending Motions, ECF No. 46, filed as a stipulated motion.

For the reasons stated below, Plaintiff's Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff Class, ECF No. 45, and Defendant's Stipulation Regarding Pending Motions, ECF No. 46, are GRANTED.  Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 11, and Plaintiff's Amended Motion to Enter and Continue Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 20, are DENIED AS MOOT.

## I.   BACKGROUND

On May 24, 2022, Plaintiff Thomas Snider filed a Complaint bringing claims against Defendants Colorado Coring & Cutting Inc. and Rick Gonzalez for (I) Violation of Fair Labor Standards Act, (II) Willful Violation of the Fair Labor Standards Act, (III) Liquidated Damages Under the Fair Labor Standards Act, and (IV) Supplemental State Law Claim Violation of the Colorado Overtime and Minimum Pay Standards Order, #38.  ECF No. 1 ¶¶ 49–62.  On May 26, 2022, Plaintiff moved for stage-one conditional certification of collective action pursuant to 29 U.S.C. § 216(b) and for class certification under Federal Rule of Civil Procedure 23.  ECF No. 9.  On June 7, 2022, Plaintiff filed his First Amended Complaint to include REAL Concrete and Coring, Inc. as a Defendant.  ECF No. 10.  The First Amended Complaint remains the operative Complaint.  Defendants Rick Gonzalez

and REAL Concrete and Coring, Inc. answered the Amended Complaint on July 29, 2022. ECF No. 21.  Plaintiff stipulated to the dismissal of Defendant Colorado Coring & Cutting, Inc. without prejudice pursuant to Fed. R. Civ. P. 41.  ECF No. 36.  The Court ordered that Defendant's removal from the case on September 20, 2022.  ECF No. 37.

On June 8, 2022, Plaintiff filed his Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification under Fed. R. Civ. P. 23.  ECF No. 11.  On July 21, 2022, Plaintiff filed his Motion to Enter and Continue Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 19, and he filed an amended version of that motion on that same day, ECF No. 20.  Given the filing of the amended motions, ECF Nos. 11, 20, the Court denied as moot Plaintiff's Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 9, and Plaintiff's Motion to Enter and Continue Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 19.  ECF No. 25.  The amended motions, ECF Nos. 11, 20, are the relevant operative, currently pending motions before the Court.  Defendants opposed both motions.  See ECF No. 22 at 12–13; ECF No. 20 ¶ 25.

However, on November 7, 2022, Plaintiff filed his Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff Class, requesting relief that would supersede the need for the relief

3

requested in the motions filed at ECF Nos. 11 and 20. *See* ECF No. 45. On November 22, 2022, Defendant filed a Stipulation Regarding Pending Motions, requesting that the pending motions at ECF Nos. 11 and 20 be denied as moot, in light of Plaintiff's Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff Class, ECF No. 45. ECF No. 46 ¶ 9. The Court addresses the pending motions below, in turn.

## II.     JURISDICTION

The Court exercises federal question jurisdiction over the claims arising under the FLSA, pursuant to 28 U.S.C. § 1331. The FLSA, itself, also allows plaintiffs to bring claims arising under that statute in this Court. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). The Court may exercise supplemental jurisdiction over the claim arising under Colorado law pursuant to 28 U.S.C. § 1367.

## III.    UNOPPOSED MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION

Plaintiff's Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff Class, ECF No. 45, requests that the Court conditionally certify a Plaintiff Class defined as "All past and present workers who, since February 2021, worked for one or more of the Defendants and were paid on an hourly basis"; approve the parties' proposed Notice and Consent forms and electronic Notice scripts, ECF Nos. 45-1, 45-2; require Defendants to provide Plaintiff's counsel with

a list of the Putative Class members, with personal contact information, within fourteen (14) days of this Court's Order; require Defendants to, concurrently with the production of the list of Putative Class members, provide a certification, via declaration, as to the accuracy and completeness of said list; approve the parties' proposed Opt-In schedule, ECF No. 45-3; approve the parties' Stipulated Protective Order, ECF No. 45-4; and set a status conference. The Court addresses the request for conditional certification, approval of the notice plan, and a status conference, followed by the request for entry of the Stipulated Protective Order, below.[1]

### A.   Request for Conditional Certification, Approval of the Notice Plan, and a Status Conference

"Collective actions under the FLSA are expressly authorized by 29 U.S.C. § 216(b) in cases where the complaining employees are 'similarly situated.'" *Boldozier v. American Fam. Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005); *see also* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court

---

[1] The Court notes that the parties have failed to comply with both the Court's Civil Practice Standards adopted on December 1, 2022, as well as the Court's Civil Practice Standards that were in place at the time the parties filed the present unopposed motion, both of which require that "[p]arties shall submit a proposed order with any joint or unopposed motion." Civ. Practice Standard 7.1A; RMR Practice Standard III.A.1; *see also* D.C.COLO.LCivR 7.1(g) ("A moving party may submit a proposed order with an unopposed motion or nondispositive motion."); Civ. Practice Standard 1.1(a) ("These Practice Standards apply to all civil actions pending before this Court at the time of this publication **regardless of when the action was first filed**.") (emphasis in original). Compliance with this Practice Standard would have significantly aided the Court, and the Court hereby advises the parties that compliance with its Practice Standards going forward is not optional. However, in the interest of judicial efficiency, the Court has proceeded to grant the present unopposed motion with this Order. *See* Fed. R. Civ. P. 1 (encouraging that the court and the parties "construe[], administer[], and employ[]" the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.").

"The Tenth Circuit has adopted a two-step analysis governing th[e] determination" of whether employees are "similarly situated." *Norwood v. WBS, Inc.*, No. 15-cv-00622-MSK-KMT, 2016 WL 7666525, at *1 (D. Colo. Sept. 29, 2016) (Blackburn, J.). "At the initial 'notice stage,' the trial court must determine whether plaintiffs have made 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). "The Court makes this determination relying on the allegations of the complaint and any supporting affidavits filed by plaintiffs." *Id.* (citing *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004)). "After discovery is complete, the second, or 'decertification' stage occurs." *Id.*

"Certification at [the first] step [during the notice stage] is conditional, and the standard of proof 'is a lenient one that typically results in class certification,' allowing notice to be sent to the putative class members and discovery to be undertaken."[2] *Id.* (citing *Brown*, 222 F.R.D. at 679); *see also, e.g.*, *Kenney v. Helix Tcs, Inc.*, No. 17-cv-01755-CMA-KMT, 2021 WL 1634506, at *2 (D. Colo. Apr. 27, 2021) (Arguello, J.) (quoting *Ortez v. United Parcel Serv., Inc.*, No. 17-cv-01202-CMA-MEH, 2018 WL 4328170, at *2 (D. Colo. Sept. 11, 2018) (Arguello, J.)) ("The standard for conditional certification at the notice stage, then, 'is a fairly lenient one and usually results in conditional certification.'").

---

[2] At the second "decertification" stage, "the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action." *Norwood*, 2016 WL 7666525, at *1.

6

Here, the Court finds that "plaintiffs have made 'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Norwood*, 2016 WL 7666525, at *1 (quoting *Thiessen*, 267 F.3d at 1102). Plaintiff alleges in the First Amended Complaint that he "and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law" and that he "and members of the Plaintiff Class were not exempt from the overtime provisions of the FLSA or COMPS and were and are entitled to overtime premiums of time and one-half hourly rates of pay for hours worked over 40 in individual work weeks." ECF No. 10 ¶¶ 49–50. Moreover, here, the parties have stipulated to conditional certification of a proposed Plaintiff Class. ECF No. 45. Given the "lenient" standard for conditional certification; Plaintiff's "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan,'" *Norwood*, 2016 WL 7666525, at *1 (quoting *Thiessen*, 267 F.3d at 1102); and the parties' stipulation, the Court finds it appropriate to conditionally certify the proposed Plaintiff Class defined as follows:

> **All past and present workers who, since February 2021, worked for one or more of the Defendants and were paid on an hourly basis.**

ECF No. 45 ¶ 11.

The parties further request that the Court approve their proposed notice plan, which requires Plaintiff's counsel to send to the Plaintiff Class both Notice and Consent forms, attached to the motion as Exhibit 1, as well as email and text message Notices, attached as Exhibit 2, both of which will also be translated to Spanish. *Id.* ¶¶ 12, 15; *id.*

7

at 4 n.9.  The parties represent that the Notice and Consent forms and email and text message Notices "reflect content that has been approved by numerous federal courts, and which is appropriate to accomplish proper Notice to potential opt-in Plaintiffs who are entitled to the same."  *Id.* ¶ 12; *id.* at 4 n.10 (citing cases).  Furthermore, "[c]ourts in this District, including this Court, have authorized sending notice to putative class members by mail, email, and text message."  *Kenney*, 2021 WL 1634506, at *5; *see also* ECF No. 45 ¶ 16; *id.* at 5 n.12 (citing cases).

The parties further propose that Plaintiff's counsel obtain the contact information from Defendants, who will "provide Plaintiff's counsel a list of the Putative Class members, with personal contact information for purposes of sending the notice, including home addresses, email addresses and telephone numbers, to the extent such information is readily available to the Defendants within fourteen (14) days of this Court's Order granting this Motion and entering the Parties' stipulation."  ECF No. 45 ¶ 13.  Plaintiff also "requests this Court to require Defendants to provide Plaintiff's Counsel," concurrently with the compiled Plaintiff Class List, "a declaration from the representative that compiled the Plaintiff Class List that attests to a) the accuracy and completeness of the List b) describing the specific tasks and efforts undertaken to compile the List and c) describing the sources from which the Class contact information was gleaned."  *Id.* ¶ 14.  Finally, the parties propose a 45-day "opt-in" period "that will begin on the date the Notice and Consent forms are first distributed by Plaintiff's counsel"; that "[e]ach week, Plaintiff's counsel will file all returned Consent forms for any opt-in plaintiffs to date"; and that "no later than fourteen (14) days after the closure of the opt-in period," "Defendants shall

8

produce all relevant payroll records including payroll and timekeeping documents not previously produced for any opt-in Plaintiffs," which "will be subject to the provisions of the Protective Order" that the parties also propose and request the Court to enter, as discussed below. *Id.* ¶ 17. The Court finds this proposed notice and opt-in plan to be appropriate and reasonable and notes again that the parties have stipulated to it. Therefore, the Court hereby APPROVES the plan.

Finally, Plaintiff "suggests a telephonic status [conference] date approximately 60 to 75 days from the Court's granting of this Motion," where "Plaintiff will be able to inform the Court of the scope of remaining tasks associated with the Parties' settlement efforts." *Id.* ¶ 18. Plaintiff is DIRECTED to confer with Defendants regarding exact dates and times that the parties would be available for any such status conference and contact the Court via email to request the setting of such a status conference.

## B. Request for Entry of the Stipulated Protective Order

In addition to the parties' request for conditional certification and approval of the notice plan, "Defendants, unopposed by Plaintiff, request that the Court enter a Protective Order . . . to facilitate Defendants' production of" the list of putative class members and their personal contact information for purposes of sending the notice. ECF No. 45 ¶ 13. The parties have provided a proposed Stipulated Protective Order as Exhibit 4 to the motion. ECF No. 45-4.

The Court notes, again, that the parties have failed to comply with both the Court's Practice Standards adopted on December 1, 2022 and the Court's Civil Practice Standards that were in place at the time the parties filed the present motion, both of which

9

require that separate requests for relief should be filed in separate motions.  *See* Civ. Practice Standard 7.1A(a)(4) ("All requests for the Court to take distinct actions must be contained in separate, written motions."); RMR Practice Standard III.A.4. ("All requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in separate, written motions."); *see also supra* note 1.  The parties have included the request for the Court to take the separate action of entering the proposed protective order within the motion to conditionally certify the collective action,[3] in violation of these Practice Standards, which "may result in an order striking the noncompliant filing without substantive consideration or other appropriate sanctions."  Civ. Practice Standard 1.1(c).

      However, the Court recognizes that, pursuant to the notice plan, Defendants have fourteen (14) days from the date of this Order to provide Plaintiff's counsel with the list of putative class members and their contact information.  ECF No. 45 ¶ 13; ECF No. 45-3.  The Protective Order is needed for purposes of maintaining the confidentiality of this information.  Therefore, in the interest of time, the Court will consider and GRANT the request to enter the proposed Stipulated Protective Order, ECF No. 45-4, notwithstanding its violation of the Court's Practice Standards.  The Court therefore APPROVES the proposed Stipulated Protective Order and will enter it as a separate Order.  Nonetheless, the parties are ADVISED that further failure to comply with this Court's Practice Standards

---

[3] Further, the request for the Court to enter the proposed Protective Order is included only in the middle of the motion, *see* ECF No. 45 ¶ 13, and not within the parties' requested relief listed at the conclusion of the motion, the title of the motion, or anywhere else where this request would have been more obvious to the Court.

or the Local Rules of Practice of the District of Colorado may result in the Court striking the noncompliant filing.  *See* Civ. Practice Standard 1.1(c).

## IV.    STIPULATION REGARDING PENDING MOTIONS

As the parties agree, granting Plaintiff's Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff Class, ECF No. 45, renders moot Plaintiff's pending motions for collective action and class certification, ECF No. 11, and for the Court to "continue" that motion and permit class discovery or allow Plaintiff to withdraw that motion without prejudice on the condition that Defendant not make unsolicited, individual offers of settlement or judgment to Plaintiff or any putative class member in the interim, ECF No. 20.  Therefore, the parties' stipulated request to deny those motions as moot is GRANTED, and those motions, ECF Nos. 11 and 20, are hereby DENIED AS MOOT.

## V.    CONCLUSION

For the reasons stated above, Plaintiff's Unopposed Motion and Stipulation for Conditional Certification of FLSA Collective Action and Notice to Members of the Plaintiff Class, ECF No. 45, and Defendant's Stipulation Regarding Pending Motions, ECF No. 46, are GRANTED.  Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 11, and Plaintiff's Amended Motion to Enter and Continue Plaintiff's Amended Motion for Stage-One Conditional Certification of Collective Action Pursuant to 29 U.S.C. § 216(b) and Motion for Class Certification Under Fed. R. Civ. P. 23, ECF No. 20, are DENIED AS MOOT.

Accordingly, the Court hereby CONDITIONALLY CERTIFIES a Plaintiff Class defined as "All past and present workers who, since February 2021, worked for one or more of the Defendants and were paid on an hourly basis"; APPROVES the proposed Notice and Consent forms and electronic Notice scripts, ECF Nos. 45-1, 45-2; ORDERS Defendants to provide Plaintiff's counsel with a list of the Putative Class members, with personal contact information, within fourteen (14) days of this Court's Order; ORDERS Defendants to, concurrently with the production of the list of Putative Class members, provide a certification, via declaration, as to the accuracy and completeness of said list; APPROVES the proposed Opt-In schedule, ECF No. 45-3; and APPROVES the Stipulated Protective Order, ECF No. 45-4, which shall be entered as a separate Order. Finally, Plaintiff is DIRECTED to meet and confer with Defendant regarding exact dates and times that the parties would be available for any desired status conference and contact the Court via email to request the setting of such a status conference.

DATED: December 6, 2022

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge